## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

_____

| | |
|---|---|
| PROTEGRITY CORPORATION       ) | |
|      a Cayman Islands Company,    ) | |
|      ) | |
| Plaintiff,    ) | |
|      ) | Civil Action No. 3:13-cv-1549 |
| v.    ) | |
|      ) | |
| PAYMETRIC, INC.    ) | |
|      a Georgia Corporation,    ) | |
|      ) | |
| Defendant.    ) | JURY TRIAL DEMAND |

_____)

### COMPLAINT AND JURY DEMAND

Plaintiff, PROTEGRITY CORPORATION, by and through its undersigned attorneys, alleges, upon information and belief, as follows:

### THE PARTIES

1.      Plaintiff, Protegrity Corporation, is a corporation incorporated under the laws of the country of The Cayman Islands, with its principal operating subsidiary in the United States, Protegrity USA, Inc., a Delaware Corporation, having its principal place of business at 5 High Ridge Park, Stamford, Connecticut 06905.

2.      Upon information and belief, Defendant, Paymetric, Inc. is a Georgia Corporation, having its principal place of business in Georgia and having an office at 11175 Cicero Drive, Suite 175, Alpharetta, GA 30022.

3.      This action has arisen under the patent laws of the United States, Title 35 United States Code, Section 271 *et seq.*

4.      Jurisdiction of this action arises under 28 U.S.C. §1338(a).  Venue is predicated

under 28 U.S.C. §1391(c).

## COUNT I

5.      On March 19, 2013, United States Patent Number 8,402,281 (hereinafter "'281 Patent") entitled "Data Security System for a Database" was duly and regularly issued.  A copy of the '281 Patent is attached hereto as Exhibit "A".

6.      Plaintiff is the owner of the '281 Patent.

7.      Upon information and belief, Defendant has directly or contributorily infringed or induced the infringement of the claims of '281 Patent by having made, used or sold database security systems that duly embody the invention as claimed therein; such infringement was willful and deliberate; the infringement by Defendant of said Plaintiff's '281 Patent has deprived Plaintiff of sales which it otherwise would have made and has in other respects injured Plaintiff and will cause Plaintiff added injury and loss of profits unless enjoined by this Court.

8.      The Plaintiff has been damaged by the acts of infringement complained of herein.

9.      The Plaintiff has no adequate remedy without the intervention of this Court.

10.     This case is "exceptional" within the meaning of 35 USC § 285.

## COUNT II

11.     On November 20, 2001, United States Patent Number 6,321,201 (hereinafter "'201 Patent") entitled "Data Security System for a Database Having Multiple Encryption Levels Applicable on a Data Element Value Level" was duly and regularly issued.  On October 4, 2011, Ex Parte Reexamination Certificate (8590th) related to '201 Patent was duly and regularly issued. On January 10, 2012, a Certificate of Correction related to the reexamination certificate was duly and regularly issued.  A copy of the aforesaid patent, reexamination certificate, and certificate of correction are attached hereto as Exhibit "B".

12.     Plaintiff is the owner of the '201 Patent.

13.     Upon information and belief, Defendant has directly or contributorily infringed or induced the infringement of the claims of the '201 Patent by having made, used or sold database security systems that duly embody the invention as claimed therein; such infringement was willful and deliberate; the infringement by Defendant of said Plaintiff's '201 Patent has deprived Plaintiff of sales which it otherwise would have made and has in other respects injured Plaintiff and will cause Plaintiff added injury and loss of profits unless enjoined by this Court.

14.     The Plaintiff has been damaged by the acts of infringement complained of herein.

15.     The Plaintiff has no adequate remedy without the intervention of this Court.

16.     This case is "exceptional" within the meaning of 35 USC § 285.


WHEREFORE, Plaintiff prays that:

A.     An injunction be granted preliminarily and permanently restraining Defendant and all those in privity with it from further infringement of Plaintiff's '281, and '201 Patents.

B.      Defendant be required to account to Plaintiff for the damages recoverable by Plaintiff under 35 U.S.C. §284 as a result of the wrongful making, using, and selling of Plaintiff's inventions as claimed in Plaintiff's '281 and '201 Patents, the exact extent of which cannot now be determined by Plaintiff, and that all of such damages be trebled.

C.     Plaintiff be awarded reasonable attorney fees;

D.     Plaintiff be allowed its costs; and

E.     Such other and further relief be granted to which Plaintiff may be justly entitled.

## JURY DEMAND

Plaintiff demands a trial by jury.


October 23, 2013                    Respectfully submitted,

                                   */s/ Stephen P. McNamara*
                                   Stephen P. McNamara, ct01220
                                   ST. ONGE STEWARD JOHNSTON & REENS, LLC
                                   986 Bedford Street
                                   Stamford, Connecticut 06905-5619
                                   Telephone: 203/324-6155
                                   Facsimile: 203/327-1096
                                   smcnamara@ssjr.com
                                   litigation@ssjr.com

                                   and

                                   Stefan V. Stein, concurrently seeking *pro hac vice*
                                   admission
                                   Florida Bar Number 300527
                                   Woodrow H. Pollack, concurrently seeking *pro hac vice*
                                   *admission*
                                   Florida Bar Number 26802
                                   GRAYROBINSON, PA
                                   Suite 2700
                                   401 E. Jackson Street
                                   Tampa, Florida 33602
                                   (813) 273-5000
                                   (813) 273-5145 facsimile
                                   stefan.stein@gray-robinson.com
                                   woodrow.pollack@gray-robinson.com