**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| **PROTEGRITY CORPORATION,** | : | **CIVIL ACTION NO.** |
| **Plaintiff,** | : | **3:13-CV-01549 (VLB)** |
| | : | |
| **v.** | : | |
| | : | |
| **PAYMETRIC, INC.,** | : | |
| **Defendant.** | : | **August 5, 2014** |

**MEMORANDUM OF DECISION GRANTING DEFENDANT'S [DKT. # 38] PARTIAL**
**MOTION TO DISMISS COMPLAINT**

I.     **Introduction**

The Plaintiff, Protegrity Corporation ("Protegrity"), brings this two-count

action against Defendant Paymetric, Inc. ("Paymetric") alleging that Paymetric

directly or contributorily infringed or induced the infringement, willfully and

deliberately, of two separate patents in violation of 35 U.S.C. § 271, *et seq.*

Defendant Paymetric has moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for

failure to state claims for contributory infringement, induced infringement, or

willful infringement.  Paymetric does not challenge the sufficiency of Protegrity's

claim of direct patent infringement.  For the reasons that follow, Defendant's

Motion to Dismiss is GRANTED.

II.     **Factual Background**

The following facts and allegations are taken from Plaintiff's complaint.

On March 19. 2013, United States Patent Number 8,402,281 ("281 Patent"), entitled "Data Security System for a Database," was issued.  [Dkt. 1, Compl. ¶5]. Protegrity is the owner of the 281 Patent.  [*Id*. at ¶6].

On November 20, 2001, United States Patent Number 6,321,201 ("201 Patent"), entitled "Data Security System for a Database Having Multiple Encryption Levels Applicable on a Data Element Value Level," was issued.  [*Id*. at ¶11].  On October 4, 2011, Ex Parte Reexamination Certificate (8590th) related to the 201 Patent was issued, and on January 10, 2012, a Certificate of Correction related to the reexamination certificate was issued.  [*Id*.].

Protegrity is the owner of the 281 and 201 Patents, which Plaintiff has attached to its complaint in this action.  [*Id*. at ¶¶6, 12].

The Plaintiff alleges that, upon information and belief and as to both patents, "Defendant has directly or contributorily infringed or induced the infringement of the claims of [the 281 and 201 Patents] by having made, used or sold database security systems that duly embody the invention[s] as claimed therein; [and] such infringement was willful and deliberate."  [*Id*. at ¶¶7, 13]. Protegrity further alleges that the alleged infringement of the 281 and 201 Patents has deprived it "of sales which it otherwise would have made and has in other respects injured Plaintiff and will cause Plaintiff added injury and loss of profits unless enjoined by this Court."  [*Id*.].  Protegrity alleges as to both counts of infringement that "[t]his case is 'exceptional' within the meaning of 35 USC § 285."  [*Id*. at ¶¶10, 16].

III.    <u>Standard of Review</u>

"'To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Sarmiento v. U.S.*, 678 F.3d 147 (2d Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  While Rule 8 does not require detailed factual allegations, "[a] pleading that offers 'labels and conclusions' or 'formulaic recitation of the elements of a cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (citations and internal quotations omitted).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.* (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 557 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (internal citations omitted).

In considering a motion to dismiss for failure to state a claim, the Court should follow a "two-pronged approach" to evaluate the sufficiency of the complaint. *Hayden v. Paterson*, 594 F.3d 150, 161 (2d Cir. 2010).  "A court 'can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679).  "At the second step, a court should determine whether the 'well-pleaded factual allegations,' assumed to be true, 'plausibly give rise to an entitlement to relief.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679).  "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer

possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (internal quotations omitted).

In general, the Court's review on a motion to dismiss pursuant to Rule 12(b)(6) "is limited to the facts as asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007).  The Court may also consider "matters of which judicial notice may be taken" and "documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." *Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir.1993); *Patrowicz v. Transamerica HomeFirst, Inc.*, 359 F. Supp. 2d 140, 144 (D. Conn. 2005)(MRK).

IV. <u>Discussion</u>

The Federal Circuit has recently affirmed that the pleading standards set forth in *Iqbal* and *Twombly* apply to indirect patent infringement claims.  *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1331-32, 1337 (Fed. Cir. 2012) (applying *Iqbal* and *Twombly* and holding that "we must look to Supreme Court precedent for guidance regarding the pleading requirements for claims of indirect infringement"); *Superior Indus., LLC v. Thor Global Enterprises Ltd.*, 700 F.3d 1287, 1295 (Fed. Cir. 2012).  Paymetric argues that Protegrity's indirect infringement claims are wholly devoid of any factual allegations and must be dismissed for failure to state a claim pursuant to the pleading standards as set forth in *Iqbal* and *Twombly* and as affirmed by the

4

**Federal Circuit.  Protegrity counters that it has adequately pled the subject
claims.**

      **a.  Contributory Infringement**

      **"Contributory infringement occurs if a party sells or offers to sell, a
material or apparatus for use in practicing a patented process, and that 'material
or apparatus' is material to practicing the invention, has no substantial non-
infringing uses, and is known by the party 'to be especially made or especially
adapted for use in an infringement of such patent.' "** *In re Bill of Lading
Transmission & Processing Sys. Patent Litig.*, **681 F.3d 1323, 1337 (Fed. Cir. 2012)
(citing 35 U.S.C. § 271(c)).  Thus, to state a claim for contributory infringement "a
plaintiff must, among other things, plead facts that allow an inference that the
components sold or offered for sale have no substantial non-infringing uses."** *Id.*

      **Protegrity has failed to plead the required elements of a contributory
infringement claim.  The Complaint alleges that, upon information and belief and
as to both patents, "Defendant has directly or contributorily infringed or induced
the infringement of the claims of [the 281 and 201 Patents] by having made, used
or sold database security systems that duly embody the invention[s] as claimed
therein; [and] such infringement was willful and deliberate."  Nowhere in
Plaintiff's scant three page complaint does it allege facts plausibly demonstrating
(1) that the allegedly infringing components are material to practicing the
invention, (2) that the components sold or offered for sale by Paymetric have no
substantial non-infringing uses; or (3) that Paymetric knew of Protegrity's patents
or that its "database security systems" were made or adapted for infringement of**

either of the two patents at issue.  Moreover, the Complaint fails to identify what components or claims of the 281 and 201 Patents have been infringed, or in what ways.

Protegrity's argument that it is not required to plead each individual element of contributory infringement is unavailing for two reasons.  First, Protegrity has failed to cite to any case law in support of its position issued after the Federal Circuit's decision in *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, which held that to state a claim for contributory infringement "a plaintiff must, [among the other elements enumerated in 35 U.S.C. § 271(c)], plead facts that allow an inference that the components sold or offered for sale have no substantial non-infringing uses."  681 F.3d at 1337.  Second, Protegrity has failed not only to plead one element of contributory infringement, but rather has failed to plead most of the elements of contributory infringement.  Thus Protegrity's contributory infringement claim does not even offer a "formulaic recitation of the elements of a cause of action," which itself would fail under the pleading requirements enumerated in *Iqbal* and *Twombly*.  *Iqbal*, 556 U.S. at 678 (citations and internal quotations omitted).  *See, e.g.*, *Synopsys, Inc. v. ATopTech, Inc.*, C 13-CV-02965 SC, 2013 WL 5770542, *16 (N.D. Cal. Oct. 24, 2013) (dismissing contributory infringement claim where plaintiff failed to allege that defendant knew that any of its software was made or adapted for infringement of any of the patents-in-suit, which meant in turn that plaintiff failed to allege that the software was designed to infringe any patent, and that plaintiff had not raised reasonable inference that defendant's software had no substantial non-infringing uses;

"Plaintiff does not have to explain everything that Defendant's software does, but when Plaintiff's complaint is so vague as to its own claims and Defendant's products, the Court cannot find that Defendant's software has no substantial non-infringing uses."); *Superior Indus., LLC v. Thor Global Enterprises Ltd.*, 700 F.3d 1287 (Fed. Cir. 2012) (owner of patents for "Braced Telescoping Support Strut and System" failed to state claim against competitor for induced and contributory infringement by failing to allege that competitor's accused products were especially made or especially adapted for use in infringement of its patents, nor that accused products were staple articles or commodities of commerce suitable for substantial noninfringing use, nor any facts to support reasonable inference that competitor specifically intended to induce infringement patent or that it knew it had induced acts that constituted infringement).

Lastly, although Protegrity contends that pleading knowledge and intent specifically is not required, it has not alleged facts sufficient to support a reasonable inference that Paymetric knew of Protegrity's patents and that its acts indirectly infringed on those patents, as various courts have concluded is required since the Federal Circuit affirmed that the pleading standards of *Iqbal* and *Twombly* apply to claims of indirect infringement. *See, e.g.*, *Synopsys, Inc.*, 2013 WL 5770542, *supra*; *Superior Indus., LLC*, 700 F.3d 1287, *supra*. Thus, Protegrity's bare-bones and conclusory assertion that Paymetric's infringement was "willful and deliberate" does not meet the federal pleading standard.

Consequently, Paymetric's motion to dismiss Protegrity's claim for contributory infringement is GRANTED.

   b. __Induced Infringement__

   "Whoever actively induces infringement of a patent shall be liable as an infringer."  35 U.S.C. § 271(b).  Liability under § 271(b) "requires knowledge that the induced acts constitute patent infringement."  *Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2068 (2011).  To prevail on an inducement claim, a "patentee must establish 'first that there has been direct infringement, and second that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement."  *Broadcom Corp. v. Qualcomm Inc.*, 543 F.3d 683, 697 (Fed. Cir. 2008).  Thus, to survive a motion to dismiss, Protegrity's complaint "must contain facts plausibly showing that [the alleged infringer] specifically intended their customers to infringe the [patent-in-suit] and knew that the customer's acts constituted infringement."  *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d at 1339.  *See also Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321, 1331-32 (Fed. Cir. 2010) ("To establish inducement, a patent owner must show that the accused infringer induced the infringing acts and knew or should have known that its actions would induce actual infringement.  It is not enough to simply intend to induce the infringing acts"); *Synopsys, Inc.*, 2013 WL 5770542, at *15 ("To state a claim for inducement of infringement, a plaintiff must allege sufficient facts—subject to *Twombly* and *Iqbal*—to raise the reasonable inference that the defendant knowingly induced infringement and possessed specific intent to encourage another's infringement").

Here, Protegrity has baldly and cursorily asserted that "Defendant has directly or contributorily infringed or induced the infringement of the claims of [the 281 and 201 Patents] by having made, used or sold database security systems that duly embody the invention[s] as claimed therein; [and] such infringement was willful and deliberate."  The Complaint fails to allege any facts regarding the customers, clients, or suppliers who Paymetric allegedly induced to infringe Protegrity's patents, and is devoid of a single fact to raise the reasonable inference that the Defendant knowingly induced infringement and possessed specific intent to encourage another's infringement.  Protegrity has also utterly failed to allege facts sufficient to support an inference that Paymetric was aware of Protegrity's patents.  Rather, the Complaint contains only "naked assertions devoid of further factual enhancement" and thus does not meet the pleading standards articulated in *Iqbal* and *Twombly.*

Paymetric's motion to dismiss Protegrity's claim for induced infringement is GRANTED.

c.  <u>Willful Infringement</u>

A finding of willful infringement allows an award of enhanced damages under 35 U.S.C. § 284.  *Bard Peripheral Vascular, Inc. v. W.L. Gore & Associates, Inc.*, 682 F.3d 1003, 1005 (Fed. Cir. 2012) cert. denied, 133 S. Ct. 932, 184 L. Ed. 2d 752 (2013).  "[T]o establish willful infringement, a patentee must show by clear and convincing evidence that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent."  *In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007).  "If this threshold

objective standard is satisfied, the patentee must also demonstrate that this objectively-defined risk (determined by the record developed in the infringement proceeding) was either known or so obvious that it should have been known to the accused infringer." *Id.*

District courts have recognized the "lack of complete uniformity in recent district court authority addressing willful infringement claims in light of *Twombly* and *Iqbal.*" *Pecorino v. Vutec Corp.*, 934 F. Supp. 2d 422, 449 (E.D.N.Y. 2012) (citation omitted); *Gradient Enterprises, Inc. v. Skype Technologies S.A.*, 848 F. Supp. 2d 404, 409 (W.D.N.Y. 2012) (same); *Automated Transaction LLC v. New York Cmty. Bank*, 12-CV-3070 JS ARL, 2013 WL 992423, *5 (E.D.N.Y. Mar. 13, 2013) (same); *Sony Corp. v. LG Electronics U.S.A., Inc.*, 768 F. Supp. 2d 1058, 1064 (C.D. Cal. 2011) (same). Courts, though, "have generally required a complaint to allege facts that, at a minimum, show direct infringement, *i.e.*, that identify the patent in suit, and show the defendant's actual knowledge of the existence of the patent." *Pecorino*, 934 F. Supp. 2d at 449 (citation omitted); *Gradient Enterprises, Inc.*, 848 F. Supp. 2d at 409 (same) (collecting cases); *Automated Transaction LLC*, 2013 WL 992423, at *5 (same); *Sony Corp.*, 768 F. Supp. 2d at 1064 (same).

Here, Protegrity's direct infringement claim is not at issue. Therefore, to have successfully pled a claim for willful infringement, Protegrity's complaint must allege facts sufficient to support an inference that Paymetric possessed actual knowledge of the 201 and 281 Patents. The complaint, however, alleges only that the infringement was "willful and deliberate" and not that Paymetric had direct knowledge of the two patents-in-suit. Thus, Protegrity's willful

10

infringement claim must fail.  *See, e.g.*, *Gradient Enterprises, Inc.*, 848 F. Supp. 2d at 409 (dismissing willful infringement claim where complaint failed to allege defendants' knowledge of the patent-in-suit); *Pecorino*, 934 F. Supp. 2d at 450 (declining to dismiss willful infringement claim where plaintiff successfully alleged direct infringement and actual knowledge of the existence of the patent-in-suit; noting that "[w]hile ultimately a patentee must show by clear and convincing evidence that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent, this is an evidentiary burden, not a pleading standard"); *Synopsys, Inc.* 2013 WL 5770542, at *17 ("Plaintiffs need only make out a bare assertion of knowledge of an issued patent, but mere recitation of elements is insufficient. . . . Plaintiff fails to allege that Defendant was aware of the Patents–in–Suit. Further, Plaintiff's allegations of willfulness amount to nothing more than recitation of that claim's elements . . . . Such pleadings are insufficient to state a claim for willful infringement").  *Accord Logic Devices, Inc. v. Apple, Inc.*, C 13-02943 WHA, 2014 WL 60056, *3 (N.D. Cal. Jan. 7, 2014) ("Logic Devices, of course, does not have to prove willfulness at the pleading stage. The complaint, however, should allege more than a one-sentence prayer for willfulness relief. Logic Devices' bald complaint is devoid of any allegation that Apple knew or should have known of an objectively high risk that its actions would result in infringement of a valid patent."); *Weyer v. MySpace, Inc.*, 2:10-CV-00499-MRP, 2010 WL 8445305 (C.D. Cal. June 17, 2010) ("willful infringement must be pleaded subject to the requirements of Federal Rule of Civil Procedure 8(a)(2) as interpreted by the Supreme Court in *Twombly* and *Iqbal*").

**V.**     **Conclusion**

For the foregoing reasons, Defendant Paymetric's [Dkt. 38] Motion to Dismiss Plaintiff's claims for contributory, induced, and willful infringement is GRANTED without prejudice to amendment.  The Plaintiff may submit an amended complaint within twenty-one days of the date of this order, by August 27, 2014.

**IT IS SO ORDERED.**

**_____/s/_____**
**Hon. Vanessa L. Bryant**
**United States District Judge**

**Dated at Hartford, Connecticut: August 5, 2014**